HEARD APRIL TERM, 1879.

CASE No. 754.

MARY A. FARROW ET AL. *v.* JOHN D. FARROW ET AL.

1. Devise to A in trust for the use and benefit of J. F. during his life, and at his death to be equally divided between his wife, E. F., and the children he may leave living, share and share alike; *held*, that E. F.

took a vested, transmissible interest, which, at her death before J. F., passed to her legal representatives.

2. Bond given by A for purchases made at an estate sale cannot be set off against the distributive share of his wife in such estate.

Before KERSHAW, J., at Spartanburg, March, 1878.

Thomas Farrow died, leaving a last will and testament. The only question arising thereunder is as to the construction of so much thereof as is stated in the opinion of this court. After the death of John W. Farrow, four of his children leaving issue surviving, and his wife, Emma, having died before him, but after the death of Thomas Farrow, Dr. Samuel Farrow being dead also, proceedings were had in the Court of Equity, instituted in 1862, for the partition of this property. Three children survived John W. Farrow, and they, together with the husband of one of them, filed this bill against D. B. Clayton et al., but who the *others* were nowhere appears. D. B. Clayton seems to have been the husband of one of the daughters who predeceased John W. Farrow. Nor does it appear whether the order for partition determined the interests of the parties to the cause. The court ordered a sale. L. M. Littlefield, the husband of Maria A. Littlefield, who was one of J. W. Farrow's surviving daughters, purchased some of the property sold and gave his bond to the commissioner in equity for the amount of his purchases. Some of the other purchasers having paid some money into court, the question arose as to its proper distribution.

F. M. Trimmier, Esq., clerk and referee, reported that Mrs. Maria A. Littlefield was entitled to a share of this money in court, and that the legal representatives of Mrs. Emma Farrow were also entitled to a share. The surviving children of John W. Farrow excepted to this report, upon the ground that the legal representatives of Emma Farrow were not entitled to a share; and the legal representatives of Emma Farrow excepted, upon the ground that Maria Littlefield's share should be applied to the debt due by her husband.

The Circuit decree is as follows:

This case was heard upon exceptions to report of referee.

It appears to me evident that Mrs. Emma Farrow took no

transmissible interest in the estate. It was part of the trust that *at the death* of John W. Farrow, the property was to be divided between certain persons, Emma Farrow being one.

Before the time for the division arrived she had died. The division, under these circumstances, is to be made as if she had not been named in the will. The will conveyed personal property and real estate to the trustee, "in trust for the uses and purposes hereinafter mentioned." * * * "To be held by the said Samuel Farrow, in trust for the use and benefit of my son, John W. Farrow, during his life, and at his death to be equally divided between his wife, Emma Farrow, and the children he may leave living, share and share alike." The legal estate was in the trustee, to be transmitted from them at the termination of the life of John W. Farrow, by division among the ultimate objects of his bounty. At that time the trustee was to divide the property among the persons then entitled.

Emma Farrow not then being *in esse*, the trust could only be fulfilled by a division among the children of John W. Farrow then living.

The exception of John D. Farrow and Maria A. Littlefield is sustained; those of Mary Farrow and M. C. Farrow are overruled.

It is ordered that the report of the referee be recommitted, and that the same be made to conform to the principles of this decree.

From which decree the defendants, Mrs. Mary A. Farrow and M. C. Farrow, by their attorney, gave notice of appeal upon the following grounds, viz. :

1. Because his Honor the presiding judge erred in decreeing that Mrs. Emma Farrow "took no transmissible interest in the estate."

2. Because it is error in his Honor the presiding judge to decree in this case "the legal estate was in the trustee," and that at the death of John W. Farrow, the life tenant, the "trustee was to divide the property among the persons then entitled," and that "Emma Farrow not then being *in esse*, the trust could only be fulfilled by dividing the property among the children of John W. Farrow then living."

3. Because it is error in his Honor the presiding judge to overrule the exceptions taken by Mrs. Mary A. Farrow and M. C. Farrow to referee's report in above-stated case.

*Mr. John Winsmith,* for appellants.

First ground of appeal. *Bl. Com.,* tit. *" Remainders ;* 4 *Kent Com.,* tit. *" Vested Remainders ;"* 2 *Wash. on Real Prop.,* ch. *IV.,* § 20.

Second. *Bouv. L. Dict.,* tit. *" Trustee,"* § 3 ; 2 *Bl. Com.* 332 ; 2 *McC.* \*252.

Third. 4 *Ves.* 15, 18 ; 3 *Ves.* 617 ; 9 *Ves.* 87, 174 ; 2 *Kent* 135 ; 2 *Ves.* 675 ; 10 *Ves.* 578 ; 1 *Hill Ch.* 324.

*Messrs. Simpson & Simpson,* for respondents.

No part of this estate ever vested in Mrs. Emma Farrow ; the legal estate was in the trustee. 3 *S. C.* 77 ; *Hill on Trust.* \*386 ; *Harp. Eq.* 281 ; 1 *Hill Ch.* 324 ; 1 *Jarm. on Wills* 751, 752, 762, 771. It was not testator's intention. 4 *S. C.* 76. A parallel case is found in 5 *Rich. Eq.* 20.

Mrs. Littlefield is entitled to her share. 1 *Spears Eq.* 142 ; *Dud. Eq.* 55 ; 2 *Hill* 644 ; 2 *S. C.* 337.

August 4th, 1879. The opinion of the court was delivered by

HASKELL, A. J. Thomas Farrow, by will, devised " to Dr. Samuel Farrow, in trust for the use and purposes hereinafter mentioned," certain property, real and personal, " all of which is to be held by the said Samuel Farrow in trust for the use and benefit of my son, John W. Farrow, during his life, and at his death to be equally divided between his wife, Emma Farrow, and the children he may leave living, share and share alike." The wife, Emma Farrow, survived the testator, but predeceased her husband. Three children were alive at the death of John W. Farrow. The appellants are legal representatives of Mrs. Emma Farrow. It is held by the Circuit judge that Emma Farrow took in the property no transmissible interest ; that the legal estate was in the trustee, and that it was part of the trust, that, at the death of John W. Farrow, the property should be divided among certain persons, of whom Emma Farrow was

one, and that no interest could vest until the arrival of the time fixed for division.

We take a different view of the will. We think that the uses and purposes of the trust are confined to the lifetime of John W. Farrow, and are, first, to allow John W. to enjoy the property during his life, and, second, to protect the estate for the remaindermen. It is a well-recognized principle that "the legal estate, limited to the trustee, shall not be carried further than the complete execution of the trust necessarily requires." *Lewin on Trusts* *250. Thus, "if an estate be devised to A and his heirs, in trust, to pay the rents to B for his life, and, on his death, the testator devises the estate to C in fee, here the legal estate for the life of B is in the trustee, and the legal estate in the remainder is vested in C." *Id.* *250.

The only question is whether an estate in remainder vested in Emma Farrow on the death of this testator, or was it contingent upon the event of her surviving John W. Farrow. Where the estate is in trust for one for life, "and at her death to the use of or in trust for some ascertained individual, and on an event that was certain, it would certainly be a vested remainder." *Williman* v. *Holmes*, 4 *Rich. Eq.* 481. The rule, as thus expressed, applies strictly to the case before us, even upon the assumption that grammatical construction would permit the expression of trust to extend beyond the lifetime of John. It seems to be thought, however, that the division of the property, after the death of John, is a part of the trust. The language does not sustain such a view; but if it did, then the testator has himself done the work by saying "to be equally divided," and has thus left nothing for the trustee to do. The same language occurs in the case of *Wilson* v. *McJunkin*, 11 *Rich. Eq.* 527, but there it was not even contended the words "at her death to be equally divided" made the remainder contingent; the point was made, but upon different grounds. The devise was of real and personal property, in trust for the use of N., "for and during the term of her natural life, and at her death, to be equally divided amongst her children in fee simple." It was held that the estate vested in remainder in each child of N., whether living at the death of N. or not. The reasoning applies fully to the case be-

fore us. Emma Farrow was a person in being, and ascertained at the time the limitation was made, and the event was certain. The interest, therefore, vested in her, dependent as to its quantity upon the number of children John might leave living at the time of his death. It is thus stated upon the assumption that the division is to be made *per capita,* as that is all for which the appellants contend. The interest thus vested is transmissible, and passes to the representatives of Emma Farrow.

The other appeal is not well taken. The marital right of the husband does not attach to the undivided interest coming to his wife. It must have come into possession. *Verdier* v. *Hyrne,* 4 *Strob.* 464. The note held against the husband for the purchase of part of the property sold under order of the court, cannot, therefore, be set off against the claim held by the wife. *Robert* v. *Adams,* 2 *S. C.* 337.

The case is remanded for further proceedings in conformity with the views herein expressed.

Judgment modified.

Willard, C. J., and McIver, A. J., concurred.